IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 3:15-cr-84-HEH |
| | ) |
| SPENCER LARON HARRIS, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

The United States and the defendant agree that the factual allegations contained in this Statement of Facts and in Counts One and Two of the Criminal Information are true and correct, and that the United States could have proven them beyond a reasonable doubt.

1. On or about November 13, 2014, in the Eastern District of Virginia and elsewhere within the jurisdiction of this Court, the defendant, SPENCER LARON HARRIS, did knowingly and unlawfully, obstruct, delay and affect, and attempted to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of any article or commodity in commerce, by knowingly and willfully committing robbery, to wit: the unlawful taking and obtaining the personal property from the person and in the presence of P.C. and T.B., against their will, by means of actual and threatened force, violence and fear of injury, immediate and future, to their persons, in violation of Title 18, United States Code, Sections 1951(a) and 2.

2. On or about November 23, 2014, in the Eastern District of Virginia and elsewhere within the jurisdiction of this Court, the defendant, SPENCER LARON HARRIS, did knowingly and unlawfully, obstruct, delay and affect, and attempted to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of

any article or commodity in commerce, by knowingly and willfully committing robbery, to wit: the defendant did unlawfully take and obtain property consisting of United States currency, belonging to Exxon, a business engaged in interstate commerce, in the presence of Exxon employee R.P., against his will, by means of actual and threatened force, violence and fear of injury, immediate and future, to their persons, in violation of Title 18, United States Code, Sections 1951(a) and 2.

3. On November 13, 2014, HARRIS and a known accomplice traveled to an apartment, located at 213 East Broad Street, Richmond, Virginia. The purpose of the visit was to rob P.C., the apartment resident, of illegal drug proceeds. P.C. was targeted by HARRIS and his accomplice because HARRIS had prior knowledge that P.C. was a drug dealer and kept controlled substances and illegal drug proceeds inside his residence. Upon arriving at the apartment, HARRIS and his accomplice knocked on the door. When P.C. opened the door, the robbers burst into the apartment, knocked P.C. out of his wheelchair, and covered him with a blanket. While HARRIS searched the residence for various items to steal, his accomplice used force, violence, and threats to keep P.C. on the ground. During the course of the robbery, T.B., a friend of P.C., knocked at the door of the apartment. As a result, the robbers opened the door and pulled T.B. into the apartment. T.B. was placed on the ground by force and an antique black powder firearm owned by P.C. was brandished in T.B.'s presence. After T.B. was forced to empty his pockets, the robbers led T.B. into the apartment bathroom and pushed a bed in front of the door, barricading him in the room. During the course of the robbery, HARRIS and his accomplice stole the following personal property owned by P.C.: $2,000 United States currency; numerous bottles containing prescription medication to include Morphine, Oxycodone, Tizanidine, a Samsung Galaxy tablet; several credit cards; a Virginia ID card; a United States passport; a United States

Army Veteran ID card; a cell phone; a Buolva watch; and an antique single-barrel black powder firearm. HARRIS and his accomplice also stole the following personal property from T.B.: $300 United States currency; a Virginia ID card; a debit card; a cell phone; his car keys; and his car. HARRIS and his accomplice fled the robbery scene in T.B.'s stolen vehicle.

4. By robbing P.C., a suspected drug dealer, HARRIS and his accomplice obstructed, delayed, and affected and attempted to obstruct, delay, and affect a business involved in interstate commerce by depleting and attempting to deplete the assets of an illegal drug operation. Additionally, by intentionally targeting P.C.'s illegal drug operation for a robbery, HARRIS and his accomplice actions had the natural consequence of affecting interstate commerce.

5. On or about the night of November 23, 2014, and going into the morning of November 24, 2014, at approximately midnight, HARRIS and an accomplice traveled to the Woods Edge Road Exxon, a commercial establishment, located at 15740 Woods Edge Road, Chesterfield, Virginia, in the Eastern District of Virginia. Upon arriving to the location, HARRIS walked into the Woods Road Exxon wearing a black sweatshirt with a picture of Bob Marley, a red scarf around his neck, white tennis shoes, and brownish camouflage pants. After approaching the store counter, HARRIS brandished an antique firearm and physically assaulted the clerk, R.P., by grabbing the back of his neck. After the assault, the robber obtained approximately $300 United States currency from behind the counter in the presence of the clerk. After obtaining the money, the robber and clerk began to fight over possession of the antique firearm. After regaining control over the antique firearm, the robber fled the inside of the store. Due to the robbery, the Woods Edge Road Exxon business was shut down for a period of time thus affecting interstate commerce.

6. Immediately following the robbery, HARRIS got into the passenger side of a white Dodge van driven by an accomplice. The vehicle fled onto Interstate 95 where it was located by

the Chesterfield Police. A marked Chesterfield Police unit got behind the suspect van traveling northbound at posted speed limits. The suspect vehicle then made an abrupt exit on Bells Road. The marked Chesterfield Police unit continued to follow the suspect van making several turns before heading back toward Interstate 95 northbound. Before attempting to pull over the vehicle, one of the Chesterfield police units pulled alongside the suspect vehicle, looked inside, and obtained a clear view of HARRIS with the assistance of a stationary light. About a mile south of the Maury Street exit, the marked Chesterfield Police units initiated their emergency lights and equipment to conduct a traffic stop and a pursuit ensued. At this point, the suspect vehicle increased speed and made an abrupt exit at Chamberlayne Road. Due to other vehicles on the road Chesterfield marked units could not safely make the exit to continue pursuing the suspect vehicle. The pursuit was terminated at this time.

7. At all relevant times, the Woods Edge Road Exxon was a business engaged in interstate commerce and R.P. was an employee of the business.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: _____
Erik S. Siebert
Assistant United States Attorney

4

I have consulted with my attorney regarding this Statement of Facts. I knowingly and voluntarily agree that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven each one beyond a reasonable doubt.

_7-2-15_
Date

_[signature]_
Spencer Laron Harris
Defendant

I am counsel for defendant, Spencer Laron Harris. I have carefully reviewed this Statement of Facts with him and, to my knowledge, his decision to agree to this Statement of Facts is an informed and voluntary decision.

_7/2/15_
Date

_[signature]_
William Dinkin
Counsel for Defendant

5